# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON*
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MICHAEL D. LAFFERTY**
**United States Army, Appellant**

ARMY 20111155

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Lieutenant Colonel Oren H. McKnelly, Acting Staff Judge Advocate
(pretrial & recommendation)
Colonel Edward K. Lawson IV, Staff Judge Advocate (addendum)

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

22 July 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial, convicted appellant, pursuant to his pleas, of conspiracy, robbery, and aggravated assault in violation of Articles 81, 122, and 128 Uniform Code of Military Justice, 10 U.S.C. §§ 881, 922, 928 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for seventeen years, total forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns as error excessive post-trial delay in the processing of his case.  He also

---

* Judge BURTON took final action on this case prior to her permanent change of duty station.

raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Though we do not find any actual prejudice to the appellant, we agree that the excessive post-trial delay in the processing of this case warrants relief.

We agree with the government's calculation of processing time attributable to the government as 250 days from sentence to action. This amounts to 130 days beyond the point where we presume unreasonable delay in post-trial processing. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Though we find no prejudice as a result of the excessive delay, the court must still review the appropriateness of the sentence in light of unjustified, dilatory post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). We appreciate the government offering an explanation for the delay by way of affidavit before this court; however, under the circumstances of this case, where no such explanation was offered at the time of action, where appellant complained of such delay in post-trial submissions, where appellant enjoyed no benefit such as deferral or waiver of automatic forfeitures, and where the government attestation does not justify taking more than 120 days to process an eighty-eight page record of a court-martial involving charges of no great complication, relief is warranted. *See Moreno*, 63 M.J. at 137; *Tardif*, 57 M.J. at 224.

The findings of guilty are AFFIRMED. After considering the entire record, including those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for sixteen years and eleven months, total forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by the decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2